IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAHIANNA TORRES, *et al.*, | ) | CASE NO. 1: 19 CV 1501 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DINO PALMERI SALONS, INC., +, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter is before the Court on the Named Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF #6). Defendants filed a partial opposition to the motion, and Plaintiffs filed a Reply. (ECF #18, 23). For the reasons that follow, Plaintiff's Motion is GRANTED with conditions.

## I. <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

The Named Plaintiffs, Dahianna Torres, Chelsea Amata, and Katie Kauble, brought this action on behalf of themselves and "all others similarly situated," claiming that Defendants, Dino

Palmieri and Dino Palmieri Salons Inc., ("Dino Palmieri") had policies and practices in place which resulted in violations of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs claim that Dino Palmieri did not pay its hourly, non-exempt employees wages for time spent attending mandatory training classes, and that this violated minimum wage and overtime pay requirements under the Act. In addition, Plaintiffs claim that Dino Palmieri took deductions from employee pay when they did not sell a minimum amount of product, and that these deductions effectively lowered Plaintiffs pay below the minimum wage required under the FLSA. The currently pending motion seeks to conditionally certify this action as a collective action for both of these claims, and asks the Court to impose approved procedures for notifying all putative plaintiffs of their right to opt-in to this collective action.

## II. **DISCUSSION**

### A. **Standard of Review**

The Fair Labor Standards Act ("FLSA") seeks to provide "specific minimum protections to individual workers" and to ensure that each covered worker receives a "fair day's pay for a fair day's work. *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The Act allows one or more employees to bring an enforcement action on their own behalf and as a representative for other similarly situated employees. 29 U.S.C. §216(b). Many courts within and without the Sixth Circuit have adopted a two-stage process for determining whether an FLSA action should proceed as a collective action. *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). In this process, the Court determines based on the complaint

and some modest factual allegations, whether there is a colorable basis for their claim that the putative class is "similarly situated" with regard to plausibly alleged claims. If so, the Court generally permits opt-in notification and additional discovery. The parties agree that this standard is "fairly lenient" and typically results is conditional certification of the class for purposes of notification. At this stage, the existence of significant individualized issues does not preclude conditional certification. *See, White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

In any case, the statutory standard for bringing a collective action under the FLSA is that the opt-in plaintiffs must be "similarly situated," and it should not generally rely on any assessment of the merits of the case. *See, O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009); *Creely v. HCR ManorCore, Inc.*, 789 F.Supp.2d 819 (2011) at 826. This does not mean they must be identical, but the plaintiff has the burden of showing that the putative class is similarly situated with regard to the claims asserted.

Both parties agree that this case should be conditionally certified as a collective action. They have minor disagreements, however, on how the class(es) should be defined. The scope of a conditional class is within the Court's sound discretion. *In re City of Memphis*, 293 F.3d 345, 351 (6th cir. 2002). Trial courts, therefore, may narrow the scope of proposed classes that have been too broadly defined by the representative Plaintiffs. *See, e.g., Gomez v. ERMC Property Mgmt., Co., LLC*, 2014 WL 1513945, at *2 (N.D. Ohio Apr. 16, 2004); *Engel v. Burlington Coat Fact. Direct Corp.*, 2013 WL 2417979, at *4 (S.D. Ohio June 3, 2013).

The Court finds that the following class definitions appropriately address the Plaintiffs' claims, at this conditional stage of certification, while taking into account the legal limitations of

such claims[1]:

Class One: All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc., who attended training classes anytime from [three years, four months and nine days from the date of this order][2] through the present, but were not paid at least minimum wage for any workweek[3] during which those classes occurred.

Class Two: All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc. from [three years, four months and nine days from the date of this order] through present, who had money deducted from their pay for fees (including "training fees") or for charge backs related to the amount of product they sold, which individually or in combination caused their pay to drop below minimum wage for any workweek.

Within a week of this Order, Defendants shall provide the Representative Plaintiffs with

---

[1] While the following definitions do not include all of the limitations sought by Defendants, the Court finds that many of the requested limitations are better addressed as potential defenses at a later stage in the litigation.

[2] The statute of limitations for these claims is three years. 29 U.S.C. §255(a). The parties, however, entered into a tolling agreement from February 18, 2019 through June 27, 2019 which extends the class period by four months and nine days. Plaintiffs argument that the Complaint includes common law claims with a longer statute of limitations is not relevant to the determination of this motion which seeks conditional certification for a collective action under the FLSA. State law class issues will not be incorporated into the FLSA collective action certification and notice.

[3] Courts calculate minimum wage on a workweek basis, not on an hour-by-hour or day-by-day basis under the FLSA. *See, generally, In re Amazon.com, Inc. Fulfillment Center FLSA and Wage and Hour Litigation,* 905 F.3d 387, 406 (6th Cir. 2018); *see also, U.S. Dept. Of Labor v. Cole Ent., Inc.,* 62 F.3d 775, 780 (6th Cir. 1995); *McDowell v. Purolator Courier Corp.,* 1982 U.S. Dist. LEXIS 14072 (E.D. Ky January 29, 1982); *United States v. Klinghoffer Brothers Realty Corp.,* 285 F.2d 487 (2d Cir. 1960).

discovery containing the identity, contact information (including last known home address with zip code and last known email address), and pertinent employment dates of all former and current employees who could potentially meet the above defined criteria for inclusion in this collective action. Defendants shall further identify which class(es) each identified individual may fit into. Identification information shall not be withheld from Plaintiffs on the basis of any employee's alleged agreement to arbitrate, or the inclusion of any alleged bonus or deferred payments in the employee's wage calculations.

C. **Notification**

Plaintiffs have requested that this Court impose procedures for opt-in notification, but have not provided a proposed notice. Defendants have provided a proposed notice incorporating their class definitions and desired terms. Aside from once again challenging the Defendants' proposed class definitions, Plaintiffs did not make any specific objections to the Defendants' proposed notice form. Based upon the Defendants' proposal, the arguments of the parties, and the Court's review of the law, the Court hereby finds that the notices proposed by the Defendant shall be altered as follows.

Class One:

**NOTICE TO POTENTIAL PLAINTIFFS
OF RIGHT TO CLAIM UNPAID WAGES**

**TO:** **All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc., who attended training classes anytime from *[three years, four months and nine days from the date of this order]* through the present, but were not paid at least minimum wage for any workweek during which those classes occurred.**

**RE: Your right to join a lawsuit seeking to recover unpaid minimum wage compensation, interest, and additional penalty damages.**

1. **PURPOSE OF THIS NOTICE**

The purpose of this Notice is to inform you of your right to participate in a lawsuit, seeking unpaid wages, from Dino Palmieri Salons, Inc. The lawsuit raises claims under the Fair Labor Standards Act ("FLSA") for unpaid wages.

2. **DESCRIPTION OF THE ACTION**

On June 27, 2019, an action was filed against Defendants Dino Palmieri Salons, Inc. and Dino Palmieri in the Court of Common Pleas for Cuyahoga County, Ohio. The action is now pending in the United States District Court for the Northern District of Ohio, as Case No. 1:19-cv-01501.The action was filed on behalf of the named Plaintiffs Dahianna Torres, Dena Marinelli, Chelsea Amata, Katie Kauble and all other similarly-situated individuals.

Plaintiffs were previously employed by Defendants as stylists. The action alleges that Defendants violated the FLSA by not properly paying its former and current stylists, or similarly situated employees, proper minimum wage for all of the workweeks they worked. Plaintiffs allege that they and all other similarly-situated individuals are entitled, under the FLSA, to recover from Defendants: (a) unpaid minimum wages; (b) liquidated damages; and © attorneys' fees and costs.

Defendants deny the charges and believe they have properly paid their employees.

The Court has signed an agreed conditional certification of this class. The Court has not finally determined, however, whether Plaintiffs or Defendants are correct. Your right to participate in the case has been determined, but there has not been any determination of anyone's right to actually recover wages.

## 3. YOUR RIGHT TO PARTICIPATE IN THIS ACTION

Plaintiffs seek unpaid wages not only for themselves but also for other persons with whom they are similarly situated. Plaintiffs allege those individuals consist of:

All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc., who attended training classes anytime from *[three years, four months and nine days from the date of this order]* through the present, but were not paid at least minimum wage for any workweek during which those classes occurred.

If you fit this definition, you have the right to choose to become a plaintiff in this action.

## 4. HOW TO PARTICIPATE IN THIS ACTION

**To join this collective action, you must sign and return the enclosed "Consent Form." If you choose to join this action, you must return the Consent Form by: (a) mailing it to Plaintiffs' counsel at 101 West Prospect Avenue, Suite 1400, Cleveland, Ohio 44115; (b) faxing the form to Plaintiffs' counsel at 216.687.1841; or © scanning the form and emailing it to Plaintiffs' counsel at blee@reminger.com.**

**The signed Consent Form must be postmarked, faxed or emailed by *[90 days from the date the original notice is mailed]*, 2020.**

If you wish to join this collective action, please return the Consent Form as soon as possible because the time period for which you can seek payment for your unpaid minimum wages will depend on when this form is filed with the Court. If you lose or misplace the enclosed Consent Form, or if you have any questions about how to fill-out the Consent Form, you may contact Plaintiffs' counsel listed in paragraph 8 of this Notice. If you have any questions about whether to join this collective action, you may contact Plaintiffs' counsel (listed in paragraph 8). Communications with Plaintiffs' counsel are free and confidential.

## 5. NO RETALIATION PERMITTED

**The law prohibits Defendants, or any of their agents or employees, from discharging you, or in any manner, harassing, discriminating or retaliating against you if you decide to take part in this action.**

## 6. EFFECT OF JOINING THIS ACTION

If you choose to join this action, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that maybe reached on behalf of the class.

The named Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you. If there is a recovery of wages, liquidated damages, and/or attorneys' fees and costs, the contingency fee percentage will be __% *[to be filled-in by Plaintiffs' counsel]* of the total recovery. Costs expended by Plaintiffs' counsel on your behalf will be deducted from the remaining recovery. If Defendants agree to, or are ordered to pay, any amount of attorneys' fees and costs that equals or exceeds the amount owed under the forgoing contingency fee percentage, Plaintiffs' will accept the amount to which Defendants agree or are ordered to pay and will forego any additional fees under the contingency agreement. In such case, your total recovery will not be reduced for attorneys fees and costs.

## 7. EFFECT OF NOT JOINING THIS ACTION

If you choose not to join this action, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, or to not file any lawsuit at all; however, the filing of this action does not stop the running of the

statute of limitations. If you chose not to join this action, the statute of limitations will continue to run against your claims until you file your own lawsuit.

## 8. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you participate in this action, you will be represented by the following attorneys from the law firm **REMINGER CO., L.P.A.**:

| | |
|---|---|
| */s Marianne Barsoum Stockett* <br> Marianne Barsoum Stockett (0071567) <br> Brian C. Lee (0081675) <br> **Reminger Co., LPA** <br> 101 West Prospect Ave., Suite 1400 <br> Cleveland, OH 44115 <br> P: (216) 687-1311/ F: (216) 687-1841 <br> mstockett@reminger.com <br> blee@reminger.com <br> *Counsel for Plaintiffs* | *s/ Patrick Kasson* <br> Patrick Kasson (0055570) <br> **Reminger Co., LPA** <br> 200 South Civic Center #800 <br> Columbus, OH 43215 <br> P: (614) 228-1311/ F: (614) 232-2412 <br> pkasson@reminger.com <br> *Counsel for Plaintiffs* |

## 9. DEFENDANTS ARE REPRESENTED BY:

Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &BURROUGHS LLC
1375 E. 9thStreet, Suite 1700Cleveland, OH 44114
Telephone: (216) 736.4223
Facsimile: (216) 615.3023
bfreeman@bdblaw.com
*Counsel for Defendants*

## 10. FURTHER INFORMATION

Further information about this Notice or the action may be obtained from Plaintiffs' counsel at 216.687.1311 or 614.228.1311. The call to Plaintiffs' counsel is free and confidential.

Class Two:

# NOTICE TO POTENTIAL PLAINTIFFS
# OF RIGHT TO CLAIM UNPAID WAGES

**TO:** All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc. from *[three years, four months and nine days from the date of this order]* through present, who had money deducted from their pay for fees (including "training fees") or for charge backs related to the amount of product they sold, which individually or in combination caused their pay to drop below minimum wage for any workweek.

**RE:** Your right to join a lawsuit seeking to recover unpaid minimum wage compensation, interest, and additional penalty damages.

## 1. PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you of your right to participate in a lawsuit, seeking unpaid wages, from Dino Palmieri Salons, Inc. The lawsuit raises claims under the Fair Labor Standards Act ("FLSA") for unpaid wages.

## 2. DESCRIPTION OF THE ACTION

On June 27, 2019, an action was filed against Defendants Dino Palmieri Salons, Inc. and Dino Palmieri in the Court of Common Pleas for Cuyahoga County, Ohio. The action is now pending in the United States District Court for the Northern District of Ohio, as Case No. 1:19-cv-01501.The action was filed on behalf of the named Plaintiffs Dahianna Torres, Dena Marinelli, Chelsea Amata, Katie Kauble and all other similarly-situated individuals.

Plaintiffs were previously employed by Defendants as stylists. The action alleges that Defendants

violated the FLSA by not properly paying its former and current stylists, or similarly situated employees, proper minimum wage for all of the workweeks they worked. Plaintiffs allege that they and all other similarly-situated individuals are entitled, under the FLSA, to recover from Defendants: (a) unpaid minimum wages; (b) liquidated damages; and © attorneys' fees and costs.

Defendants deny the charges and believe they have properly paid their employees.

The Court has signed an agreed conditional certification of this class. The Court has not finally determined, however, whether Plaintiffs or Defendants are correct. Your right to participate in the case has been determined, but there has not been any determination of anyone's right to actually recover wages.

## 3. YOUR RIGHT TO PARTICIPATE IN THIS ACTION

Plaintiffs seek unpaid wages not only for themselves but also for other persons with whom they are similarly situated. Plaintiffs allege those individuals consist of:
All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc. from *[three years, four months and nine days from the date of this order]* through present, who had money deducted from their pay for fees (including "training fees") or for charge backs related to the amount of product they sold, which individually or in combination caused their pay to drop below minimum wage for any workweek.

If you fit this definition, you have the right to choose to become a plaintiff in this action.

## 4. HOW TO PARTICIPATE IN THIS ACTION

**To join this collective action, you must sign and return the enclosed "Consent Form." If you choose to join this action, you must return the Consent Form by: (a) mailing it to Plaintiffs' counsel at 101 West Prospect Avenue, Suite 1400, Cleveland, Ohio 44115; (b)**

**faxing the form to Plaintiffs' counsel at 216.687.1841; or © scanning the form and emailing it to Plaintiffs' counsel at blee@reminger.com.**

**The signed Consent Form must be postmarked, faxed or emailed by** *[90 days from the date the original notice is mailed]*, **2020.**

If you wish to join this collective action, please return the Consent Form as soon as possible because the time period for which you can seek payment for your unpaid minimum wages will depend on when this form is filed with the Court. If you lose or misplace the enclosed Consent Form, or if you have any questions about how to fill-out the Consent Form, you may contact Plaintiffs' counsel listed in paragraph 8 of this Notice. If you have any questions about whether to join this collective action, you may contact Plaintiffs' counsel (listed in paragraph 8). Communications with Plaintiffs' counsel are free and confidential.

5. **NO RETALIATION PERMITTED**

**The law prohibits Defendants, or any of their agents or employees, from discharging you, or in any manner, harassing, discriminating or retaliating against you if you decide to take part in this action.**

6. **EFFECT OF JOINING THIS ACTION**

If you choose to join this action, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that maybe reached on behalf of the class.

The named Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you. If there is a recovery of wages, liquidated damages, and/or attorneys'

fees and costs, the contingency fee percentage will be __% *[to be filled-in by Plaintiffs' counsel]* of the total recovery. Costs expended by Plaintiffs' counsel on your behalf will be deducted from the remaining recovery. If Defendants agree to, or are ordered to pay, any amount of attorneys' fees and costs that equals or exceeds the amount owed under the forgoing contingency fee percentage, Plaintiffs' will accept the amount to which Defendants agree or are ordered to pay and will forego any additional fees under the contingency agreement. In such case, your total recovery will not be reduced for attorneys fees and costs.

7. **EFFECT OF NOT JOINING THIS ACTION**

If you choose not to join this action, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, or to not file any lawsuit at all; however, the filing of this action does not stop the running of the statute of limitations. If you chose not to join this action, the statute of limitations will continue to run against your claims until you file your own lawsuit.

8. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you participate in this action, you will be represented by the following attorneys from the law firm **REMINGER CO., L.P.A.**:

*/s Marianne Barsoum Stockett*
Marianne Barsoum Stockett (0071567)
Brian C. Lee (0081675)
**Reminger Co., LPA**
101 West Prospect Ave., Suite 1400
Cleveland, OH 44115
P: (216) 687-1311/ F: (216) 687-1841
mstockett@reminger.com
blee@reminger.com
*Counsel for Plaintiffs*

*s/ Patrick Kasson*
Patrick Kasson (0055570)
**Reminger Co., LPA**
200 South Civic Center #800
Columbus, OH 43215
P: (614) 228-1311/ F: (614) 232-2412
pkasson@reminger.com
*Counsel for Plaintiffs*

### 9. **DEFENDANTS ARE REPRESENTED BY:**

Barry Y. Freeman (#0062040)
BUCKINGHAM DOOLITTLE &BURROUGHS LLC
1375 E. 9thStreet, Suite 1700Cleveland, OH 44114
Telephone: (216) 736.4223
Facsimile: (216) 615.3023
bfreeman@bdblaw.com
*Counsel for Defendants*

### 10. **FURTHER INFORMATION**

Further information about this Notice or the action may be obtained from Plaintiffs' counsel at 216.687.1311 or 614.228.1311. The call to Plaintiffs' counsel is free and confidential.

The consent form proposed by the Defendants (ECF #18-9, at 13) is approved for inclusion in the opt-in notices.

The notices shall be sent by mail and email to the last known addresses of each potential class member within a week after Defendants have provided the Plaintiffs with the putative members contact information. Plaintiffs will pay all costs associated with the mailing of the notice. If any of the notices are returned as undeliverable, Plaintiffs shall have the right within 30 days of receiving notice of undeliverable addresses to perform other investigations to locate more current information and upon discovery of new contact information may resend the class notice, and copy Defendants' counsel by email.

### III. **CONCLUSION**

For the reasons stated above, the Court finds that Plaintiffs have met their burden of showing that this case should be conditionally certified as a collective action, pursuant to Fed. R. Civ. P.

26(d) and 83(b), and 29 U.S.C. § 216(b). The Plaintiff's Motions for Conditional Class Certification is, therefore, GRANTED, for the classes defined in this Memorandum Opinion and Order. Discovery shall be permitted as provided in this order; and, the approved notices shall be sent to all potential opt-in class members as directed. IT IS SO ORDERED.

                                                                                    /s/ Donald C. Nugent
                                                                                    DONALD C. NUGENT
                                                                                    United States District Judge

DATED: December 18, 2019