IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAHIANNA TORRES, *et al.*, | ) | CASE NO. 1:19 CV 1501 |
| Plaintiffs, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| DINO PALMIERI SALONS, INC., *et al*, | ) | |
| Defendants. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Plaintiff's Emergency Motion to Vacate and For Protective Order. (ECF #15). Defendant filed an opposition to the motion, and Plaintiffs' filed a Reply in support of their request. (ECF # 17, 22). The motion asks this Court to (1) vacate its Marginal Entry Order dated July 31, 2019; (2) issue a protective order enjoining Defendants from engaging in improper communications with putative class members; and, (3) issue an order invalidating any arbitration agreement previously signed by a putative class member, which would waive the member's right to participate in this collective action. The parties agree that the Defendants communicated with putative class members by email, and solicited employees to

enter into an arbitration agreement that would "waive any right to bring or participate in any class, representative or collective action against [Dino Palmieri] under the FCRA, FLSA or similar state and local wage and hour claims, including as a class member or opt-in." Based on the language of the email communications, the arbitration agreement, and all other available and relevant information, the Court finds that Plaintiffs' motion should be DENIED.

1. Request to Vacate July 31, 2019 Order

Plaintiffs claim that the Defendants' Motion for extension of time to file response/reply to Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs contained misrepresented that the Plaintiffs had not provided Defendants with a written demand for damages, which was supposed be one of the potential triggers for the running of Defendants' response time. (ECF #9). The Court granted Defendants' request for extension. (ECF #11). The Court has since accepted and considered Defendants' opposition, and has ruled in Plaintiffs' favor on the Motion for Conditional Certification. (ECF #28). The motion to vacate the Court's July 31, 2019 ruling is, therefore, DENIED as moot.

2. Request for Protective Order

This lawsuit was filed in State court and removed to this Federal District Court on July 1, 2019. On or about September 29, 2019, approximately a month after filing their Answer to the Complaint, the Dino Palmieri sent stylists an email stating that the Salon "is being sued by former stylists" and outlining very generally the claims contained in this lawsuit. There is no mention in the email that the suit was filed as a class or collective action. The email goes on to state that Dino Palmieri is "asking current employees to sign arbitration agreements. Those Agreements would take any wage disputes between us from the courtroom to a (neutral)

conference room. Signing the arbitration agreement will not waive a single penny of wages claimed to be owed. However, we believe it will keep money out of Dena Marinelli's and her attorneys' hands." The email further stated that "[w]e hope you will sign the arbitration agreement. But whether you do so is entirely up to you. Whatever you decide, there will be no punishment or retribution against you (except you won't receive the payment being made to those who do sign.) I appreciate the hard work that each of you provide to our salons, and I am in support of what you decide to do." (ECF #15, Ex. C). Employees who signed the arbitration agreement were given $50.00 as consideration for doing so.

The Agreement itself stated that all FLSA and similar state and local wage and hour claims and all Fair Credit Reporting Act ("FCRA") claims between Dino Palmieri and the employee signing would have to be arbitrated, and arbitrated solely on the employees own behalf. It also states that an employee signing the Agreement waives "any right to bring or participate in any class, representative or collective action against [Dino Palmieri] under the FCRA, FLSA or similar state and local wage and hour claims, including as a class member or opt-in."

Before a class is certified, parties may generally communicate with potential class members so long as they don't act in a misleading or coercive manner. *See Gulf Oil v. Bernard*, 452 U.S. 89, 102 (1981). Such communications may be restricted only if there is a clear record and specific findings warranting restrictions on free speech, and if the restrictions imposed are narrowly tailored. *Id.* The moving party bears the burden to show coercive, misleading or abusive communications warranting the requested restriction. *Id.* Plaintiffs have failed to meet that burden in this case.

Contrary to Plaintiffs assertions, Defendants communications did mention that a lawsuit

by other employees was pending, and stated that the arbitration agreement was intended to keep money out of a named Plaintiff, Dena Marinelli and her attorney's hands, which at least suggests that it would block the signing employees from joining in the pending suit. A monetary incentive of $50.00 was provided and the communications made clear that signing the agreement was voluntary and no negative action would occur if an employee chose not to sign. Many of the statements cited as lies or fraud were statements of opinion rather than statement of fact. Further Plaintiffs' brief misconstrued or misread as false many statements that are facially truthful.

Although the arbitration agreement could conceivably fall into the category of communications that "may discourage persons from opting into the class," which are concerning, not all communications of this type are improper. For example, courts have routinely held that a defendant may communicate settlement offers to putative class members, which, if accepted, would actually extinguish a potential class members claims. *See, e.g., Nakamura v. Wells Fargo Bank, N.A.*, 2018 WL 994706 (D. Kan. Feb. 21, 2018). In fact, the extraordinary remedy of restricting communications between an employer and its employees should only be considered when a communication is "abusive and threatens the proper functioning of the litigation." It is certainly conceivable that an employer who improperly pressures or misleads employees into signing agreements that would eliminate their right to participate in a pending class action could be considered abusive and result in an injunction, none of the information currently before the Court indicates that Dino Palmieri's email, or any other communications between Defendants and their employees to date, rise to this level.

3. <u>Validity of the Arbitration Agreement</u>

As Plaintiffs have noted, the benefits of an FLSA collection action "depend on employees

receiving accurate and timely notice concerning the pendency of he collective action, so they can make informed decisions about whether to participate." *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The conditional certification issued by the Court on December 18, 2019 (ECF #28) makes clear that this notice will go to all employees who fit the putative class definition whether or not they have signed an arbitration agreement. If there are any questions as to the potential preclusive effect of that agreement on the employees ability to opt-in to the action, those questions can be raised by the individuals who are actually a party to those agreements at the appropriate time. The effect and enforceability of the arbitration agreements is an individualized issue better suited for disposition at a later time.

For all of the above reasons, Plaintiff's Emergency Motion to Vacate and For Protective Order is DENIED at this time. (ECF #15).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 20, 2019