IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TORRES, *et al.*, | ) | CASE NO.: 1:19 CV 1501 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DINO PALMIERI SALONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendants' Motion For Judgment on the Pleadings Against Chelsea Amata For Lack of Standing and Judicial Estoppel. (ECF #20). Plaintiffs opposed the Motion, and Defendants filed a Reply in Support. (ECF #25, 30). After careful consideration, the Court has determined that Defendant's Motion to Dismiss should be GRANTED in part.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

This putative class action suit claims that Dino Palmieri and Dino Palmieri Salons, Inc. (collectively "Dino Palmieri") failed to pay its stylists and certain other employees for mandatory training classes, and took deductions from their pay, resulting in a failure to pay minimum wage for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and Ohio law. The suit also raises claims for breach of contract, fraud, and failure to promptly pay wages. The Complaint does not indicate whether Ms. Amata is still employed with Dino Palmieri, or when her employment ended.

This suit was filed on or about June 27, 2019 in the Cuyahoga County Court of Common Pleas. The case was removed to this United States District Court on July 1, 2019. Prior to the filing of this suit, Ms. Amata filed a petition for bankruptcy in the U.S. Bankruptcy Court, Northern District of Ohio (Akron). Her petition was filed on October 17, 2018, along with sworn declaration, and her debts were discharged on February 5, 2019. She did not disclose her claims against Dino Palmieri in any of her bankruptcy filings.

Ms. Amata does not challenge Defendants' representation that she did not disclose her claims to the bankruptcy court, nor does she deny that her claims in this case are based, at least in part, on events that took place before she filed for bankruptcy.

---

[1] The facts as stated in this Memorandum and Order are taken from the Amended Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff. Other admissions by the Plaintiff, made after the filing of the Amended Complaint may also be taken into account.

## STANDARD OF REVIEW

A motion for judgment on the pleadings, brought pursuant to Fed. R. Civ. P. 12© is On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). The Sixth Circuit has also held that a reviewing court may consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

Though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974).

## ANALYSIS

A claim becomes the property of the bankruptcy court estate if it could have been brought prior to the filing of the bankruptcy petition. *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 463-63 (6th Cir. 2013); see also, *see also, Kimberlin v. Dollar General Corp.*, 520 Fed. Appx. 312, 313-14 (6th Cir. 2013).. This is true "even if the debtor was unaware of the claim," and "even if further post-petition damages were incurred." *Id.* In other words, "the duty to disclose a potential claim as an asset in bankruptcy arises when the wrongful conduct giving rise to the claim is suffered, as opposed to when an actual complaint is filed." *Harrah v. DSW, Inc.*, 852 F.Supp.2d 900, 903 (N.D. Ohio 2012).

Ms. Amata does not dispute that she would have been aware that training hours were not paid, and would have been aware of any deductions taken from her paycheck throughout her employment. Ignorance of the legal implications of these facts does not excuse non-disclosure of claims in the context of a bankruptcy petition. *See, e.g., Id* at 907. For this reason, Ms. Amata does not have standing to raise any claim based on wrongful conduct occurring on or before the date her bankruptcy petition, which was October 17, 2018. The proper party to raise such claims would be the bankruptcy trustee, however, the trustee has made no request to appear in this action. Therefore, Plaintiffs have no standing to pursue their request to amend the Complaint in order to add the trustee.

It is unclear from the Complaint and the briefing, how long Ms. Amata claims to have worked at Dino Palmieri and whether she is claiming that there were post-petition periods of time when she was not properly paid. If there is a factual basis for her to claim of improper payment for

time she worked for Defendants after the filing of her bankruptcy petition she maintains standing to pursue only those later claims. If all of her claims are based on pay periods worked prior to the filing of her bankruptcy petition, she shall immediately notify the Court and will be dismissed from this action accordingly.

## CONCLUSION

For the reasons set forth above Defendants' Motion for Judgment on the Pleadings Against Chelsea Amata (ECF #20) is GRANTED in part. Ms. Amata has no standing to pursue any claims arising from conduct that occurred prior to October 17, 2018. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 23, 2019