UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dahianna Torres : Case No.: 1:19-CV-01501
4015 Riverside Avenue
Cleveland, Ohio 44109 : Judge Donald C. Nugent

And :

Dena Marinelli :
10301 Lake Avenue #216
Cleveland, Ohio 44102 :

And :

Katie Kauble :
3600 Jaeger Road, Apt. 3502
Loraine, Ohio 44053 : **FIRST AMENDED COMPLAINT**
**(JURY DEMAND ENDORSED)**
And :

Alison Haseley :
2161 Twin Circle Drive
Twinsburg, Ohio 44087 :

    Plaintiffs, :

    -vs- :

Dino Palmieri Salons, Inc. :
c/o Statutory Agent
1600 CNB Corp. :
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114 :

And :

Dino Palmieri, Individually :
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114 :

And :

John/Jane Does 1-3 :

And :

ABC Entities 1-3,  :

    Defendants.  :

## PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through counsel, on behalf of themselves and all others similarly situated, for their class and collective action Complaint against Defendants Dino Palmieri, Dino Palmieri Salons, Inc. (Collectively "Dino Palmieri Salons" or "Defendants"), John/Jane Does 1-3 and ABC Entities 1-3, state as follows:

### NATURE OF THE ACTION

1. Defendants, over a course of years, have engaged in a scheme to unlawfully pay their employees less than they are entitled to under the employees' contract with Defendants, federal and state laws. This wage theft was done in multiple ways, all part of a common scheme, aimed at increasing Defendants' profits, while paying employees less than they are entitled to, in multiple different ways. This is a "Collective Action" instituted by Plaintiffs to remedy wage theft in the form of violations of Ohio law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201.219, as well as a Class Action pursuant to Fed.R. Civ. 23 to (1) remedy wage theft in the form of violations of Ohio Revised Code §§ 4111.03 and 4111.14, (2) recover damages for breach of contract, (3) recover for prompt pay violations and (4) to pursue fraud claims, on behalf of the class of Ohio employees represented by Plaintiffs.

### THE PARTIES

2. At all relevant times herein, Plaintiff Dahianna Torres was a citizen of the United States and an individual residing at 4015 Riverside Avenue, Cleveland, Ohio, 44109.

3. At all relevant times, Plaintiff Dena Marinelli was a citizen of the United States and an individual residing at 10301 Lake Avenue, #216, Cleveland, Ohio, 44102.

2

4. At all relevant times, Plaintiff Katie Kauble was a citizen of the United States and an individual residing at 3600 Jeager Road, Apt. 3502, Lorain, Ohio 44053.

5. At all relevant times, Plaintiff Alison Haseley was a citizen of the United States and an individual residing at 2161 Twin Circle Drive, Twinsburg, Ohio 44087.

6. Defendant Dino Palmieri Salons Inc. is an Ohio Corporation with its principal place of business at 5201 Richmond Road, Bedford Heights, Ohio 44146.

7. Defendant Dino Palmieri is a sole owner and President of Dino Palmieri Salons Inc.

8. Dino Palmieri is the alter ego of Dino Palmieri Salons Inc. in that every decision made, with respect to compensation and the violations alleged in this Complaint, were made by him, knowing full well that the violations were illegal and designed to take wages due Defendants' employees.

9. Plaintiffs have given consent to bring this action. (see Exhibits A, B, C and D).

10. At all relevant times, Plaintiffs and other similarly situated employees of Defendants, were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e).

11. At all relevant times, Plaintiffs and other similarly situated employees, were employed by Defendants within the applicable statutory periods pursuant to 29 U.S.C. § 255(a); Article II § 34(a) of the Ohio Constitution and; R.C. § 2305.11.

12. At all relevant times, Defendants were employers of Plaintiffs and other similarly situated employees within the meaning of 29 U.S.C. § 203(d) and Ohio law.

13. At all relevant times herein, Defendants were, and continue to be, enterprises within the meaning of 29 U.S.C. § 203(s)(1) and Ohio law.

14. At all relevant times herein and upon information and belief, Defendants were a joint employer and an enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have in relation of operations, business purpose and activities, common management, control of labor relations and financial control.

3

15. Defendants' gross annual revenues exceed $500,000.00 per year.

16. At all relevant times herein, Plaintiffs and other similarly situated employees, were engaged in commerce within the meaning of 29 U.S.C. § 206–207.

17. Written consents to this action by individual Plaintiffs, are filed pursuant to 29 U.S.C. § 216(b) as they are attached.

18. Defendants were covered by the FLSA and Ohio's wage-hour laws, including minimum wage laws.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the claims.

20. Venue in this Court is proper because Defendants conduct business within Cuyahoga County and because substantial parts of the events and omissions giving rise to the claims occurred in Cuyahoga County.

## THE WAGE THEFT

21. Plaintiffs Torres, Kauble and other similarly situated employees (collectively the "Trainees") were employed by Defendants as non-exempt, hourly employees who were in Defendants' "training" program.

22. In violation of the FLSA and Ohio law, Defendants failed to pay the Trainees any wages for mandatory training classes ("the training classes").

23. The training classes were one day a week, for at least twelve weeks.

24. The training classes lasted, on average, 6 to 8 hours.

25. This unpaid training class attendance was mandatory, as a condition to work for Dino Palmieri Salons, for all Trainees.

26. The training classes related to the Trainees' job duties.

27. The training classes were held within normal business hours.

4

28. The Trainees performed productive work during attendance, including learning the specific techniques Defendants expected the Trainees to use, during their employment with Defendants.

29. The training classes were not open to the public.

30. Defendants have never enrolled in the training classes, in the last three years, a student from the public, who was not employed by Defendants.

31. In addition to working in the training classes, the Trainees worked up to twenty-nine (29) hours a week, as assistants in Defendants' salons, with the additional 6-8 hours in the required training.

32. The work as an assistant was also described by Defendants as part of the Trainees' training.

33. Plaintiffs Torres, Kauble and other similarly situated trainees, were not paid any compensation for the training classes, in violation of FLSA and Ohio laws concerning minimum wage.

34. Defendants' conduct, with respect to the Trainees, was a practice, policy, and procedure since at least 2015, applied on a consistent basis that was designed to deprive all the Trainees of any wages for the mandatory training classes.

35. Defendants also violated the Affordable Care Act by purporting to limit the Trainees to twenty-nine hours a week or less, when in fact, the Trainees were working an amount which would implicate coverage under the Affordable Care Act, but such benefits were not provided. Defendants purposely and falsely represented to the Trainees that they were not entitled to compensation for the training classes to deprive them of the lawful minimum wage they were entitled and to deprive them of health care benefits under the affordable care act.

36. Defendants had actual knowledge that this practice – of not paying Trainees for mandatory training classes, directly related to Defendants' business – violated federal and state law,

5

because Defendants and/or their agents, had specifically been to industry conferences where this was discussed.

37. The Trainees also had deducted from their pay, one dollar a week, which dropped them below minimum wage regardless of whether they went to unpaid training classes.

38. This purported "education fee" also breached Defendant Dino Palmieri Salons' contract with the Trainees, because education was to be provided free.

39. Plaintiffs Kauble, Marinelli, Haseley and other similarly situated employees, were stylists employed by Defendants.

40. Defendants had a uniformly applied practice, custom and/or procedure whereby all stylists, who did not sell a sufficient monetary amount of products and services, would be personally charged for those products by deducting the amount from their paycheck.

41. There was no written agreement, between Plaintiffs Kauble, Marinelli, Haseley and other similarly situated stylists, where any stylist agreed to such a deduction.

42. As a result of this illegal deduction, Plaintiffs, and other similarly situated stylists, were not paid minimum wage for all hours worked, in violation of the FLSA and Ohio law.

43. Defendants, and their agents, also devised a scheme whereby stylists, who elected to participate and be paid on a commission basis, would not be fully paid what they were owed through fraudulent misrepresentations and purposely hiding how commissions were actually calculated.

44. In order to induce employees to continue working for them and/or to be paid on a commission basis, Defendants devised a commission structure whereby employees would be paid at percentage of what the "net" price customers were charged for services.

45. Dino Palmieri Salons did not pay the commission percentage on the gross amount customers were charged. Instead, employees were told that they would receive the commission based

6

upon the "net" amount of income from the sale after Defendants deducted actual costs of the materials and supplies used for the service.

46. For example, commission would not be paid on the full price of a hair color service but rather, the commission was based upon the amount of the sale, minus cost of the supplies used for the hair coloring.

47. This deduction of "cost of supplies" was done throughout all services stylists performed.

48. Defendants never actually determined or attempted to determine the actual cost for the amount of product used during for service as described above.

49. Yet, stylists were told, and lead to believe, that the net amount – upon which their commissions were based – was based upon actual cost of the supplies for the service.

50. Those assertions or representations were knowingly false as Defendants never determined the "net" amount based upon actual cost of supplies.

51. The numbers used for "cost" were arbitrary – always more than the actual cost of supplies.

52. This was done purposely to lower the commission paid to stylists and to increase Dino Palmieri Salon's profit.

53. Defendants, and their agents, did this with knowledge the stylists were being told false information about the net amount of the sale, with the intent for the stylists to rely upon the false representation and to take commission, otherwise belonging to stylists, for Dino Palmieri Salons.

54. The stylists reasonably relied upon the representations that the net amount of sales accurately took into account the cost of supplies and reasonably believed the net amount was based upon actual cost of supplies, as opposed to a higher, arbitrary number chosen by Defendants.

7

55. Defendants took actions to hide their fraud from the stylists by never – in the pay process – disclosing to the stylists how the net amount was calculated or what the net amount was, for a particular transaction or during a particular pay period.

56. With respect to Trainees, whom were not paid minimum wage during their training, Dino Palmieri Salons represented that the Trainees, upon completion of the training program, would receive a bonus.

57. New stylists, including Plaintiff Kauble and Torres, were also told that, on the completion of ninety (90) days of employment with Dino Palmieri Salons, they would receive a second bonus.

58. Both of these payments were purportedly "bonuses" for employment milestones – completion of training and 90 days of employment, post training.

59. The bonuses were specifically represented to employees to be amounts in excess of their regular compensation, to be paid for the achievement of certain employment milestones, as opposed to payment for hours worked.

60. But these representations were knowingly false to Defendants and their agents because their plan was, always, to improperly use the bonuses as a defense to any claim that overtime and/or minimum wage was not paid for actual hours worked during the training process.

61. In short, the employees were fraudulently induced to meet certain employment milestones, with promises of bonuses, while Dino Palmieri Salons actually intended those bonuses to improperly cover minimum wage and overtime owed to the employees, for which it did not pay.

62. This fraud further allowed Dino Palmieri Salons to avoid the requirements of the Affordable Care Act.

63. The employees, including Plaintiff Kauble, reasonably relied upon the representations that they would receive a bonus, to meet certain milestones and did so.

8

## COLLECTIVE ACTION FACTS

64. Plaintiffs Kauble, Haseley, and Torres bring Count I of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been or will be adversely affected by Defendants' unlawful conduct.

65. The classes which Plaintiff Kauble and Torres seek to represent and for whom they seek the right to send "opt-in notices" for purposes of the Collective Action, and of which Plaintiffs themselves are members, are comprised of and defined as follows:

> **The FLSA Training Class:** All former and current employees of Dino Palmieri Salons, Inc., who attended training classes, but were not paid minimum wage for those classes anytime from February 4, 2016 through the present.

> And

> **The Education Deduction Class:** All current and/or former employees of Dino Palmieri Salons, Inc., who had, during their time as a trainee, money deducted from their pay, dropping them below minimum wage for that pay period.

66. The class for which Plaintiff Alison Haseley seeks to represent and for whom she seeks the right to send "opt-in notices" for purposes of the Collective Action, and of which Plaintiff herself is a member, are comprised of and defined as follows:

> **The Hour Reduction Class:** All current and/or former employees of Dino Palmieri Salons, Inc., who had, during their time as a stylist, their actual hours worked unilaterally reduced by Defendants, dropping them below minimum wage for that pay period.

67. The class for which Plaintiff Haseley, Torres and Kauble seek the right to send "opt-in" notices for purpose of the Collective Action, and of which the three Plaintiffs themselves were members, is comprised of the following:

> **The Product Deduction Class:** All former and current employees of Dino Palmieri Salons, Inc., who had deductions from their pay relating to the amount of product they sold, which deductions resulted in the stylist not being paid minimum wage for the hours they worked, anytime between February 4, 2016 and the present.

9

68. The persons in each of the above classes, are "similarly situated with respect to Defendants' FLSA violations in that they were employed by Defendants, were subjected to the same unlawful, uniform practices of failing to pay minimum wage, and are entitled to liquidated damages, attorney fees and costs.

69. Plaintiffs are unable to state the exact size of each potential class arising out of the employment, but upon information and belief, each class consist of between 50 to 75 people. The classes are of a size upon which only Defendants have the information to determine.

70. This action is maintainable as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b) as the claims for unpaid wages (minimum wage), liquidated damages, attorney fees and costs under the FLSA.

71. The application of Defendants' illegal pay practices does not depend on the personal circumstances of Plaintiffs or those opt-ins who join in this lawsuit.

72. Plaintiffs Torres, Kauble, Haseley and other similarly situated employees are victims of Defendants' widespread, repeated, systematic and consistently illegal policies and practices that have resulted in the non-payment of minimum wage for all hours worked.

73. Those similarly situated employees are known to Defendants and are readily identified with Defendants' business and payroll records.

74. These individuals may be readily notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorney fees and costs under the FLSA.

75. Defendants knowingly, willingly and/or with reckless disregard carried out their illegal pattern and practice of failing to pay minimum wages with respect to Plaintiffs Torres, Kauble, Haseley and other similarly situated employees.

## CLASS ACTION FACTS

76. Plaintiffs Kauble, Marinelli, Haseley and Torres bring Counts III, IV, V and VI of this action pursuant to Ohio R. Civ. P. 23 on behalf of themselves, and other members of the class defined as follows:

> **The Prompt Pay Class:** All former and current employees at Dino Palmieri Salons, Inc., who, in violation of Ohio law, had deductions taken from their pay, in violation of Ohio law. (Count III).

And

> **The Fraud Claims:** All current and former employees of Dino Palmieri Salons, Inc. who were defrauded by being promised cash bonuses for employment milestones and/or were defrauded by false representations as to how their commissions would be based and/or were defrauded by false representations that employees were being paid for hours actually worked during a pay period. (Count IV).

And

> **The Breach of Contract Class:** All former and current employees of Dino Palmieri Salons, Inc. who, in breach of their agreement with Dino Palmieri Salons, Inc., were not actually paid bonuses for milestones and/or were not paid commission on net sales as promised by Dino Palmieri Salons, Inc. (Count V).

And

> **The Company Shop Class:** All former and current employees at Dino Palmieri Salons, Inc., who were forced to purchase goods and supplies, from their employer, at higher prices than the reasonable and current market value of such goods and supplies through the commission structure. (Count VI).

69. Plaintiffs Kauble, Haseley, and Torres bring Count II pursuant to Ohio R. Civ. P. § 23, on behalf of themselves, and other members of the class for the following classes:

> **The Minimum Wage Prompt Pay Claim:** All current and former Dino Palmieri's Salon employees, who as a result of failing to pay minimum wage for all hours worked and/or other consideration and were not promptly paid in in violation of Ohio law.

70. The Rule 23 members are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23 are met.

11

71. The precise number of class members is unknown, and the facts for which those numbers can be ascertained are presently within the sole control of Defendants.

72. It is believed, based upon the number of Defendants' stores (10), with on average double-digit number of employees per store, there are at least 300 to 500 class members.

73. There are numerous questions of law and fact, that predominate over any questions solely affecting the individual members including:

 a. Whether Dino Palmieri Salons, Inc. made false representations about the nature of compensation, knowing they were false, in order to induce its employees to remain employed.

 b. Whether Defendants may deduct charge backs for insufficient product sales, without a written agreement to do so with the employees.

 c. Whether the failure to promptly pay amounts due under federal and state law violates Ohio's Prompt Pay Laws.

## COUNT I
### (FAIR LABOR STANDARDS ACT VIOLATIONS)

74. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

75. Defendants failed to comply with the FLSA including, but not limited to, a failure to pay minimum wage to trainees and a failure to pay minimum wage to stylists, whose charge backs brought their pay below minimum wage.

76. As a result of Defendants' illegal practices, Plaintiffs and other similarly situated employees have been damaged and have not yet received wages due to them pursuant to the FLSA.

77. Plaintiffs Torres, Kauble, Haseley and other similarly situated employees, are entitled to compensation of at least minimum wage for all hours worked but have not been so paid.

78. By engaging in the above described practices and policies, Defendants willfully, knowingly and recklessly violated the provisions of the FLSA.

79. As a result of the Defendants willful violations of the FLSA, Plaintiffs Kauble, Torres, Haseley, and other similarly situated employees, have suffered and will continue to suffer a loss of income and other damage, which entitles these Plaintiffs and other similarly situated employees, to certain relief, including payment of all unpaid liquidated damages, attorney fees and costs.

## COUNT II
### (VIOLATION OF OHIO REVISED CODE § 4111.03 AND § 4111.14)

80. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

81. Defendants are an employer(s) under Ohio Revised Code § 4111.03(D).

82. Plaintiffs and other members of the Ohio class are employees within the meaning of Ohio Revised Code § 4111.03(D)(3).

83. Ohio law provides that all employees shall receive at least minimum wage for each hour worked.

84. Defendants' practice and policy of not paying Plaintiffs Torres, Kauble, Haseley and other similarly situated employees the applicable minimum wage for all hours they worked each work week violates the Ohio law.

85. As a result of Defendants violations of Ohio law, Plaintiffs Torres, Kauble, Haseley, and other members of the class have been damaged as they have not received wages due to them.

86. Plaintiffs Torres, Kauble, Haseley, and all members of the class are entitled to minimum wage for all hours worked, liquidated damages, attorney fees and costs.

## COUNT III
### (VIOLATION OF OHIO'S PROMPT PAY LAWS)

87. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

88. O.R.C. § 4113.15 requires that all employees be fully paid their compensation, promptly and no later than the first day of each month, for work ending the 15th day therefore or the 15th day of each month for work ending at the end of the preceding calendar month.

89. Plaintiffs Marinelli, Kauble, Haseley and Torres, and employees of Defendants who are similarly situated, were not promptly paid, as set-forth above.

90. As a result, for each violation (each pay period) Plaintiffs, and those employees similarly situated with them, are entitled to liquidated damages of $200.00 or 6% of the unpaid wages, whichever is greater, per pay period.

## COUNT IV
## (FRAUD)

91. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

92. Defendants perpetrated several frauds upon their employees, including Plaintiffs.

93. The fraud included representing to employees that their commission would be based upon a "net" sales price, where the actual costs of the materials used, would be deducted from the gross sales price.

94. Defendants knew that the "net" sales price was not net. It did not accurately reflect the cost of the supplies but rather, was an arbitrary number – always more than the cost of supplies – which was fraudulently designed to decrease the amount that Defendants would need to pay its employees, including Plaintiffs Kauble, Torres, Haseley and Marinelli, on their commissions.

95. All stylists relied upon the representations that the commissions were based upon net sales, when they were in fact simply based upon an arbitrary number chosen by Defendants intended to lower the employees' commission pay.

96. The employees' reliance was reasonable in that the net sale price calculation was specifically hidden from the employees and the employees were never shown in their pay – or given access to – how the calculation of net sales was determined for each transaction in their paychecks.

97. Also, as a second fraud class, in the alternative to the training minimum wage claims, Plaintiffs Kauble and Torres and similarly situated employees, were defrauded.

98. Dino Palmieri Salons, Inc. failed to pay its trainees minimum wage for attendance at the training sessions.

99. It is anticipated that Dino Palmieri Salons, Inc. will argue that "bonuses" purportedly for employment milestones of completing training and completing the first ninety (90) days as a stylist, actually count for the hourly wages, unlawfully withheld for the trainees' time in training classes, which is denied.

100. If it is determined that Dino Palmieri Salons, Inc. is permitted to offset the minimum wage requirements for the trainees with longevity and training bonuses, then those employees have been defrauded because that pay was represented to be bonuses – not payment for hourly wages. Bonuses are, by definition, amounts paid in excess of hourly wages.

101. The employees reasonably relied upon said representation, with continued employment and training in order to obtain those bonuses, to their damage.

102. A third class involving Plaintiffs Torres, Kauble, Haseley, Marinelli and similarly situated employees were defrauded.

103. One of the requirements instituted by Defendants was to keep employees/stylists working below a 50% payroll percentage and managers are required to look at every stylist's hours worked during a pay period and multiply those hours by their respective hourly wage.

104. This total could not be more than 50% of their service revenues generated (cutting hair, coloring, etc.) for that period.

105. If a stylist payroll percentage was greater than 50% of their service revenue generated, managers were instructed and required to adjust the stylist's hours to bring their percentage back to below 50%.

106. Managers were instructed to adjust hours by adding breaks into an employee's day or change time clocks and were taught by Defendants that this was "helping" stylists by allowing them to receive raises faster.

107. However, it meant that employees were routinely working more hours than what was paid.

108. To illustrate the above by way of example, if a stylist worked 29 hours but only generated $400 in service, managers were instructed to calculate 50% of that service number ($400 x .50 = $200).

109. That amount would then be divided by their hourly wage rate, for example $8.30. ($200 / $8.30 = 24.10).

110. From there, managers were instructed by Defendants to reduce the actual 29 hours worked down to 24.10 hours in the computer system.

111. This was another way that employees were kept below minimum wage during pay periods.

112. Defendants utilized a computer program and time system called Milano, which documented every time change and would reflect the actual hours worked by an employee as well as the hours deducted.

113. Defendants also denied employees hourly wages if they forgot to clock in and would not compensate employees for hours worked until their first appointment arrived.

114. Defendants instructed managers to not document the actual time a stylist came in and worked if he/she forgot to clock in so that Defendants could pay stylists less time than actually worked.

115. The employees reasonably relied upon said representations that they were being paid by hours actually worked during a pay period, to their detriment.

## COUNT V
## (BREACH OF CONTRACT)

116. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

117. Plaintiffs Kauble and Torres and other similarly situated employees, were promised bonuses for longevity and completion of training.

118. Dino Palmieri Salons, Inc. now indicates that those bonuses were actually meant to cover hourly minimum wage obligations during training.

119. In doing so, Dino Palmieri Salons, Inc. has breached its agreement, with its employees, that training bonuses and longevity bonuses were, in fact "bonuses" – amounts in addition to regular rates of pay.

120. In the second class, Plaintiffs Torres, Kauble, Haseley, and Marinelli, and other similarly situated employees, were promised that commissions would be based upon an actual "net" amount – the total sale minus the cost of supplies needed for the service.

121. In actuality, and in breach of this agreement, Dino Palmieri Salons, Inc. did not base commissions on an actual net amount, but on a chosen amount, not directly tied to the cost of the supplies, but always lower than the proper net sales amount, in breach of that agreement.

122. As a result, Plaintiffs, and other similarly situated employees, are entitled to the return of their respective bonuses and to full payment of what they are owed under the contract for commission, together with interest, attorney fees and costs in bringing this action.

## COUNT VI
## (CLAIMS UNDER R.C. § 4113.19)

123. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

124. R.C. §4113.19 prohibits an employer from requiring an employee to pay for goods and supplies at higher prices than the reasonable or current market value of such goods or supplies.

17

125. Plaintiffs Marinelli, Kauble, Torres, Haseley, and other similarly situated employees, were effectively charged the cost of supplies through the fraudulent commission structure whereby commission would only be based upon net commission, purportedly for the cost of supplies.

126. Dino Palmieri Salons, Inc. set the net commission amount in a manner so that the employees were charged more than the fair market value of the supplies, in violation of Ohio law.

127. Pursuant to R.C. § 4113.20, and other Ohio laws, Defendants are liable to Plaintiffs Marinelli, Kauble, Haseley and other similarly situated employees, for double the amount of charges made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all others similarly situated, collectively pray that this honorable Court find Defendants jointly and severely liable and:

A. Issue an Order permitting this litigation to proceed as a Collective Action pursuant to 29 U.S.C. § 216(b) and certify in the classes pursuant to Ohio R. Civ. P. § 23(a)(b)(3);

B. Order prompt notices, pursuant to 29 U.S.C. § 216(b), to all collective action class members that this litigation is pending and they have the right to opt-in to this litigation;

C. Award Plaintiffs, and the classes they represent, actual damages for unpaid wages;

D. Award Plaintiffs, and the classes they represent, liquidated damages for the federal wage claims in an amount equal to the amount owed and for the state wage claims two times the amount of wages due;

E. Award Plaintiffs, and the classes they represent, liquidated damages, under Ohio's prompt pay laws, in an amount of $200.00 or 6% of the wages not timely paid, whichever is greater, per pay period;

F. Award Plaintiffs, and the classes they represent, double the amount of the charges made in violation of R.C. § 4113.19.

G. Award Plaintiffs, and the classes they represent, punitive damages in excess of 25,000.

H. Award Plaintiffs, and the classes they represent, an award equal to all wages unlawfully withheld from pay;

I. Award Plaintiffs, and the classes they represent, attorney fees, costs and disbursements;

J. Award Plaintiffs, and the classes they represent, pre and post judgment interest at the statutory rate, and;

K. Award Plaintiffs, and the classes they represent, further and additional relief that this Court deems just and proper.

Respectfully submitted:

*/s/ Marianne Barsoum Stockett*
Marianne Barsoum Stockett (0071567)
Daniel C. Egger (0096903)
**Reminger Co., LPA**
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
P: (216) 687-1311 / F: (216) 687-1841
mstockett@reminger.com
degger@reminger.com

and

Patrick Kasson (0055570)
**Reminger Co., LPA**
200 South Civic Center #800
Columbus, Ohio 43215
P: (614) 228-1311 / F: (614) 232-2410
pkasson@reminger.com

and

Brian C. Lee (0081675)
**Lee | Fadel | Beyer**
18500 Lake Road, Suite 120
Rocky River, Ohio 44116
P: (440-333-2050) / F: 440-333-1695
blee@leefadelbeyer.com

*Counsel for Plaintiffs*

## INSTRUCTIONS FOR SERVICE

Please serve the Defendants at the addresses identified in the caption herein via certified mail.

/s/ *Marianne Barsoum Stockett*
Marianne Barsoum Stockett (0071567)

## JURY DEMAND

Defendants hereby demand that this case be tried to a jury.

/s/ *Marianne Barsoum Stockett*
Marianne Barsoum Stockett (0071567)