IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAHIANNA TORRES, *et al.*, | ) | CASE NO. 1:19 CV 1501 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DINO PALMERI SALONS, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Docket #56). Defendants filed a Response Brief on July 10, 2020 and Plaintiffs filed a Reply Brief on August 14, 2020. (Docket #s 69 and 76). For the reasons that follow, Plaintiffs' Motion is GRANTED.

I.  FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiffs, on behalf of themselves and all others similarly situated, allege that Defendants, Dino Palmieri and Dino Palmieri Salons Inc., ("Dino Palmieri"), had policies and practices in place which resulted in violations of the Fair Labor Standards Act ("FLSA"). The original Complaint in this case was filed on June 27, 2019 in the Cuyahoga County Court of

Common Pleas, and the case was removed to this Court on July 1, 2019. Plaintiffs, as named in the original Complaint, filed a Motion for Conditional Certification on July 17, 2019. (Docket #6.) On December 28, 2019, this Court issued a Memorandum Opinion and Order, conditionally certifying this case as a collective action for the classes defined therein, and setting forth discovery and notice requirements. The following class definitions were set forth for purposes of conditional certification:

> Class One: All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc., who attended training classes anytime from [three years, four months and nine days from the date of this order] through the present, but were not paid at least minimum wage for any workweek during which those classes occurred.
>
> Class Two: All former and current stylists (including trainees and cosmetologists) employed by Dino Palmieri Salons, Inc. from [three years, four months and nine days from the date of this order] through present, who had money deducted from their pay for fees (including "training fees") or for charge backs related to the amount of product they sold, which individually or in combination caused their pay to drop below minimum wage for any workweek.

On May 21, 2020, Plaintiffs filed their First Amended Complaint, adding new new party Plaintiff Alison Haseley and removing party Plaintiff Chelsea Amata. Plaintiffs allege Violations of the Fair Labor Standards Act; Violations of Ohio Revised Code §§ 4111.03 and 4111.14; Violation of Ohio's Prompt Pay Laws; Fraud; Breach of Contract; and, Violations of Ohio Rev. Code § 4113.19, as set forth in the initial Complaint. However, in addition to those classes initially identified by Plaintiffs for purposes of conditional certification, the First Amended Complaint sets forth an additional class, comprised of and defined as follows:

> The Hour Reduction Class: All current and/or former employees of Dino Palmieri Salons, Inc., who had, during their time as a stylist, their actual hours worked unilaterally reduced by Defendants, dropping them below minimum wage for that pay period.

## II. STANDARD OF REVIEW.

The Fair Labor Standards Act ("FLSA") seeks to provide "specific minimum protections to individual workers" and to ensure that each covered worker receives a "fair day's pay for a fair day's work." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The Act allows one or more employees to bring an enforcement action on their own behalf and as a representative for other similarly situated employees. 29 U.S.C. §216(b). Many courts within and without the Sixth Circuit have adopted a two-stage process for determining whether an FLSA action should proceed as a collective action. *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. Mich. 2006). In this process, the Court determines based on the complaint and some modest factual allegations, whether there is a colorable basis for their claim that the putative class is "similarly situated" with regard to plausibly alleged claims. If so, the Court generally permits opt-in notification and additional discovery. The parties agree that this standard is "fairly lenient" and typically results is conditional certification of the class for purposes of notification. At this stage, the existence of significant individualized issues does not preclude conditional certification. *See, White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

The statutory standard for bringing a collective action under the FLSA is that the opt-in plaintiffs must be "similarly situated," and it should not generally rely on any assessment of the merits of the case. *See, O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. Ohio 2009); *Creely v. HCR ManorCore, Inc.*, 789 F.Supp.2d 819, 826 (N.D. Ohio 2011). This does not mean they must be identical, but the plaintiff has the burden of showing that the putative class is similarly situated with regard to the claims asserted.

As set forth above, the Court has already defined two classes for purposes of conditional certification. The Court will not revisit those issues, except to note that Named Plaintiff Amata has been removed from the case. Therefore, the only issues before the Court are those raised in Plaintiffs' Motion filed on June 17, 2020.

**III.    CONCLUSION.**

Plaintiffs' Motion for Conditional Class Certification (Docket #56) of a third class is GRANTED. Plaintiffs have met the "modest factual showing" requirement as set forth in *Comer*, 454 F.3d 544, 546, and have satisfied their burden of showing that a third class of former and current stylists who had their work hours unilaterally reduced, thereby dropping them below minimum wage for any pay period, should be conditionally certified pursuant to Fed. R. Civ. P. 26(d) and 83(b), and 29 U.S.C. § 216(b).

Within one week of this Order, the Parties shall submit a Joint Proposed Class Definition. Thereafter, the Court will issue a separate order covering discovery and notification.

Defendants' Motion to Strike Plaintiffs' Reply Brief Evidence in Support of Conditional Certification (Docket #82) is hereby DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: September 17, 2020